IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br>  Plaintiff,<br>  v.<br>MOUNT DIABLO UNIFIED SCHOOL DISTRICT/SPECIAL EDUCATION LOCAL PLAN AREA, et al.,<br>  Defendants. | Case No. 19-cv-03441-MMC<br><br>**ORDER DENYING DEFENDANT'S EX PARTE APPLICATION; DIRECTIONS TO DEFENDANT**<br><br>Re: Dkt. No. 17 |

Before the Court is defendant Mount Diablo Unified School District's ("District") Ex Parte Application ("Application"), filed August 9, 2019, by which application the District seeks an order declaring plaintiff Michael Geary Wilson ("Wilson") to be a "vexatious litigant" (see Appl. at 8-9) and, as such, required to "post a bond as security . . . prior to being allowed to proceed with this litigation" (see id. at 1:8-10), as well as an order "[e]xtend[ing] the time in which the District is allowed to respond to Plaintiff's Complaint until thirty days following Plaintiff's posting of a bond" (see id. at 1:11-13).  Having read and considered the Application and the papers filed in support thereof, the Court rules as follows.[1]

To demonstrate entitlement to the relief sought by its Application, the District must

---

[1] Although the Court has considered the matter on its merits, the Court notes the Application was not filed in accordance with the Civil Local Rules of this district.  First, while denominated "ex parte," the Application was, in fact, served on Wilson.  See Civ. L.R. 7-10 (defining "ex parte motion" as "a motion filed without notice to opposing party").  Moreover, the Application was not noticed for hearing as required.  See Civ. L.R. 7-2(a) (providing, as general rule, "all motions must be . . . noticed . . . for hearing not less than 35 days after the filing of the motion").

show, inter alia, Wilson's prior lawsuits were of a "frivolous or harassing nature." See Molski v. Evergeen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (internal quotation and citation omitted); see also id. at 1059 (holding "[a]n injunction cannot issue upon a showing of litigiousness"; further holding "[t]he plaintiff's claims must not only be numerous, but also be patently without merit" (internal quotation and citation omitted)).[2] The District, however, has not made such a showing. In particular, although the District has submitted evidence showing Wilson recently filed, against the District and numerous other defendants, a federal lawsuit wherein the complaint was dismissed, and has also submitted a "printout from the Lexis research database which . . . depict[s] some of the lawsuits initiated by" Wilson in federal and state court (see Decl. of Kevin E. Gilbert ¶ 3; see also id., Ex. A), the District has not submitted evidence to support a finding that the above-referenced cases were "patently without merit" or filed with "an intent to harass," see Ringgold-Lockart v. Cty. of Los Angeles, 761 F.3d 1057, 1064 (9th Cir. 2014) (internal quotation and citation omitted).

Accordingly, the Application is hereby DENIED, and the District is hereby DIRECTED to file, no later than August 30, 2019, a response to Wilson's Complaint.[3]

**IT IS SO ORDERED.**

Dated: August 15, 2019

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] To the extent the District, in support of its request, relies on section 391(b) of the California Code of Civil Procedure, such reliance is misplaced, as said statute is not applicable to cases pending in federal court. See Cal. Civ. Code Proc. § 391.1 (limiting application of § 391 to "any litigation pending in any court of this state").

[3] If such response is a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, such motion shall be noticed for hearing on October 4, 2019, the date on which two currently pending motions to dismiss the same complaint are scheduled to be heard.