IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br><br>Plaintiff,<br><br>v.<br><br>MOUNT DIABLO UNIFIED SCHOOL DISTRICT/SPECIAL EDUCATION LOCAL PLAN AREA, et al.,<br><br>Defendants. | Case No. 19-cv-03441-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING DEFENDANTS' MOTIONS TO STRIKE AS MOOT; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court are the following motions: (1) defendants Atkinson, Andelson, Loya, Ruud & Romo, Elizabeth Estes, and Christine Huntoon's Motion to Dismiss, filed July 29, 2019; (2) defendants Leigh Law Group, P.C., Mandy Gina Leigh, and Damien Berkes Troutman's Motion to Dismiss and Special Motion to Strike, filed August 9, 2019; (3) defendant Mount Diablo Unified School District's Motion to Dismiss and Special Motion to Strike, filed August 30, 2019; (4) defendant Fagen, Friedman & Fulfrost, LLP's (a) Motion to Dismiss and (b) Special Motion to Strike, both filed September 3, 2019; and (5) defendant Roy Albert Combs's (a) Motion to Dismiss and (b) Special Motion to Strike, both filed September 19, 2019. The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

### BACKGROUND

Plaintiff Michael Geary Wilson ("Wilson") alleges he is an "indigent" citizen of California "with disabilities" (see Compl. ¶ 1), and that, along with his "significant other,

---

[1] By order filed November 26, 2019, the Court took the matters under submission.

PARENT-1" (see id.), he has been involved in two "civil dispute[s]" (see id. ¶¶ 18, 20) with defendant Mount Diablo Unified School District/Special Education Local Plan Area ("Mount Diablo").

According to Wilson, defendant Roy Albert Combs ("Combs"), an attorney at defendant law firm Fagen, Friedman & Fulfrost, LLP ("F3"), represented Mount Diablo in the first of the two disputes; defendants Elizabeth Ann Estes ("Estes") and Christine Anell Huntoon ("Huntoon"), attorneys at defendant law firm Atkinson, Andelson, Loya, Ruud & Romo ("AALRR"), represented Mount Diablo in the second of the two disputes; and defendants Mandy Gina Leigh ("Leigh") and Damien Berkes Troutman ("Troutman"), attorneys at defendant Leigh Law Group ("LLG"), represented Wilson in that second dispute.[2]

Wilson alleges Combs, Estes, and Huntoon "transmitted" a "demand" to Leigh and Troutman that included "threats to press criminal charges" against him "unless he and PARENT-1 'settled' by releasing their civil claims" against Mount Diablo, its employees, and its attorneys. (See id. ¶ 21.) Wilson further alleges Combs, Estes, and Huntoon repeated said "threat[s]" in "follow-up phone calls and emails" to Leigh and Troutman (see id. ¶ 23), and, in that regard, identifies two emails sent by Combs. According to Wilson, Combs's first email "warns that, unless PARENT-I and WILSON settle, [Mount] DIABLO will not stop 'pursu[ing] charges' with the 'DA'" (see id. (alteration in original)); the second email, according to Wilson, states Mount Diablo "was going to press charges against [Wilson] for 'knowingly and intentionally violat[ing]' criminal laws on not one, but 'two separate occasions'" (see id. ¶ 25 (alteration in original)).

Wilson alleges that Leigh and Troutman "forwarded" Combs's emails to him (see id. ¶¶ 21, 23), that they failed to "advise" him defendants' threats were "illegal as a matter of law" (see id. ¶ 22, 26), that they "repeatedly exerted maximum pressure" on him to "submit" to the threats (see id. ¶ 26), and that he "repeatedly refused" to "submit" to those

---

[2] Wilson does not allege who, if anyone, represented him in the first dispute.

2

1 threats (see id. ¶¶ 23, 26).

Based on the above allegations, Wilson asserts the following two state law Claims for Relief and five federal Claims for Relief: (1) "Attempted Civil Extortion under California Penal Code §§ 518 et seq.," (2) "Intentional Infliction of Emotional Distress," (3) "42 U.S.C. § 1983," (4) "Conspiracy to Affect the Due Course of Justice in a State (42 U.S.C. § 1985(2))," (5) "Conspiracy to Deny the Equal Protection of the Laws (42 U.S.C. § 1985(3))," (6) "Failure to Prevent Violations of 42 U.S.C. § 1985 (42 U.S.C. § 1986)," and (7) "42 U.S.C. § 1983 Monell Liability."[3]

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted

---

[3] The First, Second, Fourth, and Fifth Claims for Relief are brought against all defendants. The Third Claim for Relief is brought against Mount Diablo, F3, AALRR, Combs, Estes, and Huntoon. The Sixth Claim for Relief is brought against all defendants except Combs and Leigh. The Seventh Claim for Relief is brought solely against Mount Diablo.

3

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

## DISCUSSION

By the instant motions, defendants move to dismiss plaintiff's federal claims, and additionally move to dismiss or dismiss and strike plaintiff's state law claims.

**A. Federal Claims**

**1. Res Judicata**

At the outset, defendants Mount Diablo, F3, AALRR, Combs, Estes, and Huntoon contend all of Wilson's federal claims, to the extent those claims are duplicative of the claims raised in Wilson v. Mt Diablo Unified School District, et al. C 18-3973-JD ("Wilson I"), are barred by the doctrine of res judicata.[4] As Mount Diablo acknowledges, and no defendant disagrees, the claims in Wilson I, which was filed July 2, 2018, were "based upon allegations that [PARENT-1's] two minor children were not receiving appropriate special education services." (See Mount Diablo's Mot. to Dismiss and Special Mot. to Strike at 2:21-23.) The claims here, however, are based on alleged threats made in the course of settlement negotiations that took place months after the events alleged in Wilson I. (See Compl. ¶¶ 21, 23, 25.) Consequently, the claims in the instant action are not duplicative of the claims raised in Wilson I, and, accordingly, the instant action is not barred by res judicata. See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713-14 (9th Cir. 2001) (holding res judicata requires "identity of claims," the central

---

[4] F3, AALRR, Combs, Estes, and Huntoon's unopposed requests for judicial notice of the Wilson I complaint and orders of dismissal filed in Wilson I, as well as various documents pertaining to two separate petitions for restraining orders, are hereby GRANTED. See Minor v. Fedex Office & Print Servs., Inc., 182 F. Supp. 3d 966, 974 (N.D. Cal. 2016) (noting "[p]roper subjects of judicial notice include court documents in the public record and documents filed in other courts" (citing Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002)).

4

criterion of which is whether the two suits "arise out of the same transactional nucleus of facts" (internal quotation and citation omitted)).

**2. 42 U.S.C. § 1983**

Wilson brings his § 1983 claim against Mount Diablo, Combs, Estes, Huntoon, F3, and AALRR, asserting said defendants violated a number of his constitutional rights by threatening to bring criminal charges against him unless he settled his disputes with Mount Diablo.

To state a claim under 42 U.S.C. § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiff[] of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Here, Combs, Estes, Huntoon, F3, and AALRR argue that, as private attorneys and law firms, they did not act under color of state law when communicating the alleged threats. The Court agrees. Ordinarily, for purposes of 42 U.S.C. § 1983, private attorneys, "whether retained or appointed, [do] not act 'under color of' state law." See Szijarto v. Legeman, 466 F.2d 864, 864 (9th Cir. 1972); see also Dyer v. Maryland State Bd. Of Educ., 187 F.3 Supp. 3d 599, 615-16 (D. Md. 2016) (holding "it is well settled that a private attorney does not become a state actor simply by representing a public body" (internal quotation and citation omitted)) (collecting cases);[5] cf. Gonzalez v. Spencer, 336 F.3d 832, 834 (9th Cir. 2003) (per curiam) (holding private attorney retained to represent juvenile court acted under color of state law where attorney "used her status to gain access to [confidential court] file").

In addition, as set forth below, the Court finds persuasive defendants' argument that Wilson has failed to plead facts sufficient to show a deprivation of any of his

---

[5] As noted in Dyer, the Supreme Court, in Filarsky v. Delia, 566 U.S. 377 (2012), implicitly acknowledged a private attorney could be a state actor. Here, as in Dyer, however, the Court finds Filarsky is distinguishable on its facts. See Dyer, 187 F. Supp. 3d at 615-16.

5

constitutional or federal statutory rights.

First, Wilson's § 1983 claim is subject to dismissal to the extent it is based on the two allegedly threatening emails sent by Combs. As noted, Wilson alleges the emails contained threats that, unless he settled his claims against it, Mount Diablo would press charges against him for asserted violations of the law. In support thereof, Wilson purports to quote from those emails. As defendants point out, however, Wilson has not accurately quoted the statements on which he relies, none of which contains any such threat.[6] Consequently, those communications cannot serve as the basis for his § 1983 claim.[7] Even if those communications could serve as a basis for the claim, however, Wilson's allegations, as discussed below, nonetheless fail.

Wilson's § 1983 claim is subject to dismissal to the extent it is based on an asserted denial of access to the courts[8] or a denial of any other First Amendment right.[9] As noted, Wilson alleges he "repeatedly refused" to submit to the defendants' alleged threats. (See Compl. ¶ 26.) Consequently, as Wilson has failed to allege any facts to show how defendants' threats "hindered his efforts to pursue a legal claim," see Lewis v. Casey, 518 U.S. 343, 351 (1996), his conclusory allegation that he "has been repeatedly deprived of his federal rights and his legal claims for relief associated with those

---

[6] To the extent Wilson alleges threats were made in any other form of communication, those allegations likewise fail, as Wilson essentially alleges the same "threat" was "reiterated." (See Compl. ¶ 23.)

[7] Leigh, Troutman, and LLG's unopposed request for judicial notice of Combs's two emails is hereby GRANTED. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (holding "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss").

[8] Wilson alleges he was deprived of the following "rights": (1) "Access to Justice for Individuals and Public"; (2) "Resolutions of Controversies on the Merits"; (3) "Fair Proceedings"; (4) "Legal Claims"; (5) "Investigations Related to Legal Claims"; and (6) "Petitioning the Government for Redress of Grievances." (See Compl. ¶ 54.)

[9] Wilson alleges he was deprived of the following "rights": (1) "Free Speech"; (2) "Protection from Retaliation"; (3) "Protection from Viewpoint Discrimination"; and (4) "Protection from Prior Restraint." (See id.)

6

deprivations" (see Compl. ¶ 28) is unavailing. See Lewis, 518 U.S. at 348 (holding plaintiff claiming violation of right to access to courts must establish "actual injury . . . such as the inability to meet a filing deadline or to present a claim"); see also Iqbal, 556 U.S. at 678 (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). For the same reason, Wilson's conclusory allegation that his "First Amendment activities have been severely chilled" (see Compl. ¶ 35) fails to plead a constitutional violation.

Next, Wilson's § 1983 claim is subject to dismissal to the extent it is based on an asserted deprivation of a liberty interest in "reputation." (See Compl. ¶ 54.) Even assuming defendants' alleged threats could injure Wilson's reputation, he has failed to allege any facts to support a showing of (1) public disclosure of the threats or (2) the denial of any tangible interest or right, as required to support such a claim. See Ulrich v. City & Cty. of San Francisco, 308 F.3d 968, 982 (9th Cir. 2002) (holding plaintiff claiming deprivation of liberty interest in reputation must allege "the public disclosure of a stigmatizing statement by the government, the accuracy of which is contested, plus the denial of some more tangible interest such as employment, or the alteration of a right or status recognized by state law" (internal quotation, citation, alteration, and emphasis omitted)).

Lastly, Wilson's § 1983 claim is subject to dismissal to the extent it is based on an asserted deprivation of his right to equal protection, as he has failed to allege any facts to support his conclusory allegation that defendants "acted with an intent or purpose to discriminate against [him] based upon his indigence and disabilities." (See Compl. ¶ 56.); see also Iqbal, 556 U.S. at 678 (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In sum, Wilson has failed to adequately allege a deprivation of any right, and, accordingly, his § 1983 claim will be dismissed.[10] As Wilson may be able to cure the

---

[10] In light of such ruling, the Court does not address herein the question of whether Wilson's § 1983 claim is barred by the Noerr-Pennington Doctrine or subject to dismissal

7

deficiencies noted, however, he will be afforded leave to amend.

### 3. Monell Claim

Wilson, relying on his allegation that the deprivation of his rights was "caused by [Mount Diablo's] policies and customs," alleges Mount Diablo is subject to municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). (See Compl. ¶ 84); see also Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (listing elements of Monell claim as including "a policy . . . amount[ing] to deliberate indifference to the plaintiff's constitutional right," which policy was "the moving force behind the constitutional violation" (internal quotation and citation omitted)). Wilson fails, however, to plead any facts to support a finding that Mount Diablo has either a custom or policy of threatening criminal prosecution in exchange for settlement of civil cases, and his "formulaic recitation of the elements" of a Monell claim is, standing along, insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).

Accordingly, Wilson's Monell claim will be dismissed. As Wilson may be able to cure the deficiencies noted, however, he will be afforded leave to amend.

### 4. 42 U.S.C. § 1985(2)–(3)

Wilson claims defendants violated 42 U.S.C. § 1985(2)–(3) by conspiring to deny him "access to state courts and other non-federal government agencies" (see Compl. ¶ 63), as well as "equal protection of the laws" (see id. ¶ 71), because he is "disabled and/or indigent" (see id. ¶¶ 62, 70). As with Wilson's allegations regarding municipal liability, however, the allegations in support of his § 1985 claims are "bare assertions" amounting to nothing more than "a formulaic recitation of the elements." See Iqbal, 556 U.S. at 681.

First, Wilson fails to plead any facts to support a finding that a conspiracy between the defendants existed. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) (holding "[a] claim under [§ 1985] must allege facts to support the allegation

---

based on qualified immunity.

8

that defendants conspired together"). Moreover, animus based on indigency is not "the type of class-based discrimination necessary" to support a § 1985 claim. See Glover v. Tower, 700 F.2d 556, 558 (9th Cir. 1983) (affirming dismissal of § 1985 claim where claim based on plaintiff's status as indigent). Next, assuming a § 1985 claim can be based on disability,[11] Wilson's claims here fail, as he fails to plead any facts to support a finding that defendants' alleged actions were motivated by animus toward the disabled. See Pleasant v. Cty. of Merced, 669 F. App'x 388 (9th Cir. 2016) (affirming dismissal of § 1985 claim where plaintiff "failed to allege facts sufficient to show class-based, invidiously discriminatory animus").

Accordingly, Wilson's § 1985 claims will be dismissed. As Wilson may be able to cure some of the deficiencies noted, however, the dismissal will be with leave to amend.

**5. 42 U.S.C. § 1986**

Wilson alleges all defendants except Combs and Leigh violated 42 U.S.C. § 1986. Wilson's § 1986 claim is, like his other federal claims, subject to dismissal. First, his allegations in support thereof are, once again, "bare assertions" amounting to nothing more than "a formulaic recitation of the elements." See Iqbal, 556 U.S. at 681. Second, § 1986 "imposes liability on [a] person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation," see Karim-Panahi, 839 F.2d at 626, and, consequently, "[a] claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." See id. Here, as discussed above, Wilson's complaint does not contain a valid claim under § 1985.

Accordingly, Wilson's § 1986 claim will be dismissed. As Wilson may be able to cure the deficiencies noted, he will be afforded leave to amend.

//

---

[11] Courts of Appeals that have considered the question have reached differing conclusions as to whether a § 1985 claim may be based on animus toward the disabled. See Lake v. Arnold, 112 F.3d 682, 686 (1997) (citing conflicting authorities). To date, the Ninth Circuit has not addressed the issue in a published opinion.

9

**B. State Law Claims**

Defendants seek an order dismissing plaintiff's state law claims, or, pursuant to § 425.16(b)(1) of the California Code of Civil Procedure, striking plaintiff's state law claims.

The Court's jurisdiction over plaintiff's state law claims, i.e., the First and Second Claims for Relief, is supplemental in nature. See 28 U.S.C. § 1367(a). Where a district court "has dismissed all claims over which it has original jurisdiction," such court may decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). In this instance, as the case remains at the pleading stage, and there are no apparent considerations weighing in favor of retaining jurisdiction over the state law claims, the Court finds it appropriate to decline to exercise supplemental jurisdiction over the state law claims.

Accordingly, plaintiff's state law claims will be dismissed without prejudice under § 1367(c), and, in light thereof, defendants' motions to dismiss, motions to dismiss and strike, and motions to strike said claims will be denied as moot.

## CONCLUSION

For the reasons stated above:

1. Defendants' motions to dismiss, motions to dismiss and strike, and motions to strike are hereby GRANTED in part and DENIED in part, as follows:

    a. To the extent defendants move to dismiss plaintiff's federal claims, the motions are GRANTED and said claims are DISMISSED with leave to amend to cure the deficiencies noted.

    b. Plaintiff's state law claims are DISMISSED without prejudice to refiling if plaintiff elects to amend his federal claims.

    c. To the extent defendants move to strike plaintiff's state law claims, the motions are DENIED as moot.

2. If plaintiff wishes to file a First Amended Complaint, he shall do so no later than March 19, 2020. Plaintiff may not, however, add any new claims or new defendants

without first obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).

3. In light of the above, the Case Management Conference is hereby CONTINUED from April 3, 2020, to June 26, 2020.  A Joint Case Management Statement shall be filed no later than June 19, 2020.

**IT IS SO ORDERED.**

Dated: February 27, 2020

MAXINE M. CHESNEY
United States District Judge